# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **ELYSE ENSOR,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | **CIVIL NO. A-19-CV-00625-LY** |
| | § | |
| **JOHN DOES 1-15,** | § | |
| | § | |
| **Defendants** | § | |

## O R D E R

Before this Court is Plaintiff's Motion for Leave to Conduct Non-Party Discovery Prior to the Appearance of Any Defendant, filed on June 17, 2019 (Dkt. No. 2). On July 17, 2019, the District Court referred the above motion and related filings to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

### I. Background

On June 17, 2019, Plaintiff Elyse Ensor ("Plaintiff") filed a Complaint against John Does 1-10 ("the Doe Defendants") seeking an injunction and damages for alleged copyright infringement and publication of defamatory statements. *See* Dkt No. 1. Plaintiff owns the copyright to photos titled "Vineyard Photo" and "July Lake Photo" under Copyright Registration Numbers VA-2-143-185 and VA-2-143-186, respectively. *Id.* at 2. In her Complaint, Plaintiff identifies ten anonymous posts on ten different websites that displayed copies of her copyrighted photos and published allegedly defamatory statements about Plaintiff. *See id.* at 3-8. Plaintiff alleges that each of these

1

posts constitutes a separate publication of the defamatory statements and refers to the unknown authors as John Does 1-10. *See id*. Plaintiff identifies the Doe Defendants only by URL links to the anonymous posts[1] and offers no other identifying information regarding the authors' true identities. *See, e.g.,* Dkt. No. 2 at 2 and Dkt. No. 2-1 at 4. It is not clear whether the posts were made by a single individual or ten different individuals.

On June 17, 2019, Plaintiff filed a motion for leave to conduct limited early discovery to identify one or more of the Doe Defendants. *See* Dkt. No. 2. Plaintiff contends that this early discovery is necessary in order to properly serve the Doe Defendants. *See id.* at 6. Specifically, Plaintiff asks to serve nonparty subpoenas to the operator ("Operator") of each website where the Doe Defendants posted the infringing content, seeking "the name, location, IP address, and any other information relating to the Internet user." *Id.* at 3. For the websites with unknown Operators, Plaintiff seeks to subpoena the Domain Name Registrars and Privacy Protection Companies to obtain the Operator's information to allow Plaintiff to serve the subpoena for the identifying information of the Doe Defendants. *See id.* at 2-6.

## II. Discussion

### A. Legal Standards

Federal Rule of Civil Procedure 26(d)(1) requires authorization by court order for any discovery requested prior to a Rule 26(f) conference between the parties. FED. R. CIV. P. 26(d)(1). Although the Federal Rules do not provide a standard for granting such authorization, this District generally applies the "good cause standard" to determine whether a party is entitled to such early discovery. *See, e.g., Accruent, LLC v. Short*, 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017);

---

[1] Plaintiff's Complaint identifies the John Does only by the name of the website where the Defendant allegedly posted defamatory statements and infringing copies of Plaintiff's photos; however, the attached Exhibits containing Plaintiff's proposed subpoenas identify the exact URL links to each specific post.

*Stockade Cos., LLC v. Kelly Rest. Group, LLC*, 2017 WL 2635285, at *2 (W.D. Tex. June 19, 2017). The party seeking the discovery bears the burden of showing good cause, and the subject matter of the request should be "narrowly tailored in scope." *Stockade*, 2017 WL 2635285, at *2.

Courts weigh several factors in the good cause analysis, including: (1) a concrete showing of a prima facie claim of actionable harm by the plaintiff; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the user's expectation of privacy. *Well Go USA, Inc. v. Unknown Participants in Filesharing Swarm*, 2012 WL 4387420, at *1 (S.D. Tex. Sept. 25, 2012).

Where a party seeks a subpoena for identifying information of anonymous Internet users, whether directly from a known website operator or indirectly through domain name registrars and unknown website operators, "the court must also balance the need for disclosure against the defendant's expectation of privacy." *Malibu Media, LLC v. Doe*, 2019 WL 3884159, at *1 (W.D. Tex. August 16, 2019). In determining whether to authorize early discovery in a particular case, the court has "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008) (quoting *Crawford–El v. Britton*, 523 U.S. 574, 598 (1998)).

**B. Early Discovery**

Under the good cause analysis, Plaintiff is entitled to limited early discovery for the purpose of identifying John Doe Defendants 1-10 and effectuating service.

    **1. Plaintiff has made a concrete showing of a prima facie claim of actionable harm**

To assert a prima facie claim of copyright infringement, a party must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist*

3

*Publ'ns, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991). Plaintiff has satisfied this burden by showing that she owns the copyrights to the Vineyard and July Lake photos and that Defendant Does 1-10 published copies of those registered photos without Plaintiff's authorization. *See* Dkt. No. 1-1 and 1-2.

For a private individual to assert a prima facie claim of defamation, she must allege (1) publication of a false statement of fact to a third party, (2) that was defamatory, (3) made with a requisite degree of fault of negligence, and (4) damages, in some cases. *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015). Where the claim involves defamation per se, the party alleges "statements that are so obviously harmful that general damages may be presumed." *Id*. Here, Plaintiff alleges the Doe Defendants published posts on ten public websites stating Plaintiff has sexually transmitted diseases, is promiscuous, and is a prostitute. Dkt. No. 1 at 3-8. Plaintiff alleges these statements are "objectively false," were made "knowingly and intentionally" by the Doe Defendants, have been viewed by "innumerable third parties," and caused "substantial and irreparable harm" to her personal and professional reputation. *Id*. at 10-11. Plaintiff further alleges the statements constitute defamation per se and libel per se as they accuse her of "having a foul or loathsome disease" and of "engaging in serious sexual misconduct." *Id*. at 11. *See Lipsky*, 460 S.W.3d at 596. Accordingly, Plaintiff also has alleged a prima facie claim of defamation per se.

   2. **Plaintiff's discovery requests are sufficiently specific**

The discovery Plaintiff seeks is sufficiently narrow because it identifies ten specific posts, each by its unique URL address with a specific corresponding user and Website Operator.

### 3. Plaintiff does not have alternative means to obtain the subpoenaed information

Because Does 1-10 are anonymous Internet users only identifiable by the URL links to his or her anonymous posts, Plaintiff cannot otherwise obtain this information.[2] This further supports an order granting the requested discovery. *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241-42 (S.D.N.Y. 2012) ("[I]n all of the opinions and rulings in similar cases around the country, the Court has found no indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers.").

### 4. Plaintiff needs the subpoenaed information to pursue her claim

Plaintiff seeks only information to ascertain the identities of Defendant Does 1-10 for the purpose of service, which is essential for Plaintiff to pursue her claims. *See* Dkt. No. 2 at 6; *see also Combat Zone Corp. v. John/Jane Does 1-5*, 2012 WL 5289736, at *2 (N.D. Tex. Oct. 26, 2012) (finding that "without this Order, therefore, there does not seem to be any way for [Plaintiff] to identify the Defendants and, thus, to properly serve them"); *Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 563-67 (S.D.N.Y. 2004).

### 5. There is "minimal" privacy interest in copyright infringement cases

While disclosure of identifying information implicates the Doe Defendants' right to privacy, courts have routinely held this privacy interest is "minimal" where a plaintiff asserts copyright claims. *Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013); *see also Sony Music*, 326 F. Supp. 2d at 567 (stating that the "right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious

---

[2] Website Operators, Domain Name Registrars, and Domain Name Privacy Protection Companies generally prohibit the release of customer or account information without a court order. *See, e.g.*, GoDaddy Civil Subpoena Policy, https://www.godaddy.com/legal/agreements/civil-subpoena-policy?; NameCheap, Inc. Subpoena Policy, https://www.namecheap.com/legal/general/court-order-and-subpoena-policy/.

copyright infringement claims"); *Laface Records, LLC v. Atlantic Recording Corp.*, 2007 WL 4286189, at *1-2 (W.D. Mich. Sept. 27, 2007) (compiling cases applying the good cause standard and holding that "discovery to allow the [identification] of 'Doe' defendants is 'routine'").

The Court finds that Plaintiff has shown good cause by satisfying each relevant factor.

**C. Scope of the Subpoenas**

Finally, the court must balance the need for disclosure of identifying information of anonymous Internet users against the defendants' expectation of privacy. In early discovery to identify anonymous Doe Defendants, the subpoena must be specific and adequately protect the defendants' privacy interests. *See Well Go USA*, 2012 WL 4387420, at *2. Courts typically include a protective order to allow a defendant the opportunity to contest the subpoena, thereby protecting the user's expectation of privacy. *See TCYK, LLC v. Does 1-20*, 2013 WL 6475040, at *3 (N.D. Tex. Dec. 10, 2013) (allowing discovery where "Plaintiff merely seeks identifying information to enable Plaintiff to investigate facts concerning, and formally name, each Doe Defendant" and requiring a protective order attached to each subpoena); *see also Malibu Media*, 2019 WL 3884159, at *2 (stating the court had "fashioned appropriate protective orders to preserve Plaintiff's and Defendant's right to litigate (or settle) the claims free from coercion," and ordering the subpoenas be subject to "restrictions aimed at protecting the privacy and the interests of the individual whose identity is discovered pursuant to the subpoena").

Here, the discovery sought from the website operators is narrowly tailored to the extent that it seeks the anonymous Internet user's name, physical address, and IP address. Plaintiff's request for "any other information" relating to each anonymous user is not narrowly tailored, but is acceptable only to the extent it seeks other contact information, i.e., the user's email address. *See Combat Zone*, 2012 WL 5289736, at *1 (granting leave to subpoena the names, addresses, telephone

numbers, email addresses, and Media Access Control (MAC) addresses of Doe defendants). Similarly, Plaintiff's requests to subpoena Domain Name Registrars and Privacy Protection Companies for "all documents" related to the listed website operators or for payment information such as account numbers, issuing banks, and check numbers in relation to each website operator are too broad, and discovery must be limited only to contact information for the actual registrants of those websites. *Id*.

To adequately protect the Doe Defendants' privacy interests, service of Plaintiff's subpoena is subject to the restrictions detailed below. *See Malibu Media*, 2019 WL 3884159, at *2.

### III. Conclusion and Protective Order

Accordingly, this Court **GRANTS** Plaintiff's Motion for Leave to Conduct Non-Party Discovery Prior to the Appearance of Any Defendant (Dkt. No. 2), subject to the following conditions and limitations:

1. Plaintiff may serve a Rule 45 subpoena on Dirty World, LLC and Dating Complaints, LLC ("Service Providers") for the name, IP address, email address, and physical address of the Doe Defendants who posted the content identified by URL address.

2. Plaintiff may serve Rule 45 subpoenas to GoDaddy.com, LLC, NameCheap, Inc, Domains By Proxy, LLC, WhoisGuard, Inc., and Internet Domain Service BS Corp. ("Service Providers") for the name, IP address, email address, and physical address of the Operators of the Websites listed in the Complaint.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any Website Operator or Service Provider that is identified in response to a subpoena as a provider of Internet services to Doe Defendants.

4. A copy of this Order shall be attached to each subpoena.

5. Each Service Provider will have **sixty (60) days** from the date of service of the Rule 45 subpoena to serve the identified Doe Defendants with copies of the subpoena and this Order. Each Service Provider may serve the Doe Defendant using reasonable means, including written notice sent to the Doe Defendant's last known address, using either first-class mail or overnight service.

6. Each Doe Defendant shall have **sixty (60) days** from the date of service of the subpoena and this Order upon him or her to file any motion with this Court to quash or modify the subpoena. **The Service Provider may not turn over a Doe Defendant's identifying information to Plaintiff before the expiration of this sixty-day period.** Additionally, if any Doe Defendant files a motion to quash or modify the subpoena, the Service Provider may not turn over any information to Plaintiff until this Court rules on any such motion.

7. The ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash or modify the subpoena.

8. If the sixty-day period lapses without the Doe Defendant contesting the subpoena, the Service Provider shall have **fourteen (14) days** to produce the subpoenaed information to Plaintiff.

9. Plaintiff must serve the Doe Defendants with copies of all materials and information obtained about him or her.

10. Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff only for the purpose of protecting its rights as asserted in its Complaint.

**SIGNED** on September 23, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE